IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KEITH D. BREWER                                                                     PLAINTIFF

V.                                                                      NO. 2:09CV202-P-D

DALE K. THOMPSON, et al.                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate currently housed in the Desoto County Detention Center, filed this complaint pursuant to 42 U.S.C. § 1983. The Plaintiff complains about a detainer issued by Desoto County for his arrest. The Plaintiff is seeking monetary damages arising out of the fact of his confinement.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

### Section 1983 is not Appropriate Method to Challenge a Detainer

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. There is no proof or allegation that the Plaintiff's conviction has been called into question. Accordingly, The Plaintiff may not challenge the validity of his conviction or sentence by seeking damages under 42 U.S.C. § 1983.

The proper method to challenge the validity of a detainer is to apply for federal habeas relief. *Braden v. 30th Judicial Cir. Ct. of KY*, 410 U.S. 484, 488-89, 93 S. Ct. 1123, 1126, 35 L. Ed. 2d 443 (1973); *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir. 1985). The court could elect to construe the complaint as a habeas petition. The Plaintiff, however, has a separate habeas petition pending with the court that addresses the same detainer he complains of here. *See Brewer v. State*, 2:09CV166-B-A. This complaint, therefore, shall be dismissed as an improper challenge to the detainer. The matter shall be dismissed without prejudice to the Plaintiff's right to seek damages in the event the underlying criminal charges are resolved in his favor.

A final judgment in accordance with this opinion will be entered.

THIS the 14th day of December, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE